CLOSED,CUSTODY

# U.S. District Court
## Eastern District of Missouri (St. Louis)
### CRIMINAL DOCKET FOR CASE #: 4:25−mj−02363−JSD All Defendants

| | |
|---|---|
| Case title: USA v. Earnest | Date Filed: 10/23/2025 |
| Other court case number: 125CR314 and 25CR323 Eastern District of New York | Date Terminated: 10/29/2025 |

Assigned to: Magistrate Judge Joseph S. Dueker

**Defendant (1)**

| | | |
|---|---|---|
| **Eric Earnest**<br>*TERMINATED: 10/29/2025* | represented by | **St. Louis Fed Public Defender**<br>FEDERAL PUBLIC DEFENDER − St Louis<br>1010 Market Street<br>Suite 200<br>St. Louis, MO 63101<br>314−241−1255<br>Fax: 314−421−3177<br>Email: moe_ecfnote@fd.org<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED*<br>*Designation: Public Defender or Community Defender Appointment*<br>*Bar Status: Gov* |

| **Pending Counts** | **Disposition** |
|---|---|
| None | |

**Highest Offense Level (Opening)**

None

| **Terminated Counts** | **Disposition** |
|---|---|
| None | |

**Highest Offense Level (Terminated)**

None

| **Complaints** | **Disposition** |
|---|---|
| RULE 5(C)3 COMPLAINT OUT | |

**Plaintiff**

| | | |
|---|---|---|
| **USA** | represented by | **Paul Joseph D'Agrosa**<br>UNITED STATES ATTORNEYS OFFICE − St. Louis<br>111 S. Tenth Street<br>20th Floor<br>St. Louis, MO 63102<br>314−539−2200<br>Fax: 314−539−3887<br>Email: Paul.D'Agrosa@usdoj.gov |

*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: Assistant US Attorney*
*Bar Status: Gov*

Email All Attorneys
(will not send to terminated parties)

Email All Attorneys and Additional Recipients
(will not send to terminated parties)

| Date Filed | # | Docket Text |
|---|---|---|
| 10/23/2025 | | RULE 5 COMPLAINT – OUT signed by Judge Magistrate Judge Joseph S. Dueker as to Eric Earnest (1). (JWD) (Entered: 10/23/2025) |
| 10/23/2025 | | Arrest of defendant Eric Earnest date of arrest: 10/23/2025 on charging papers from Eastern District of New York (JMP) (Entered: 10/23/2025) |
| 10/23/2025 | 1 | ELECTRONIC MINUTE ENTRY (no pdf attached) for proceedings held before Magistrate Judge Joseph S. Dueker: Initial Appearance re: Rule 5c3 – MJ arrest case only as to Eric Earnest held on 10/23/2025. Defendant sworn. Defendant advised of rights and indicated an understanding of those rights. Attorney St. Louis Fed Public Defender for Eric Earnest added. Court to appoint: Counsel. Rule 5c3 Removal Hearing as to Eric Earnest held on 10/23/2025. Defendant does not contest identity and waives identity hearing. Detention Hearing as to Eric Earnest held on 10/23/2025. Arguments heard. Matter taken under submission. Order to issue. (proceedings started: 2:48 PM) (proceedings ended: 3:221 PM)(FTR Gold Operator Initials: J. Parker) (Defendant Location: CUSTODY)(Appearance for Government: Paul J. D'Agrosa)(Appearance for Defendant: Kevin Gau) (JMP) (Entered: 10/23/2025) |
| 10/23/2025 | 2 | DUE PROCESS DOCKET TEXT ORDER as to Eric Earnest: Pursuant to the Due Process Protections Act, the Court confirms the United States obligation to disclose to the defendant all exculpatory evidence –– that is, evidence that favors the defendant or casts doubt on the United States case, as required by Brady v. Maryland, 373 U.S. 83 (1963) and its progeny, and ORDERS the United States to do so. Failure to disclose exculpatory evidence in a timely manner may result in consequences, including, but not limited to, exclusion of evidence, adverse jury instructions, dismissal of charges, contempt proceedings, disciplinary action, or sanctions by the Court. Signed by Magistrate Judge Joseph S. Dueker on 10/23/2025. (JMP) (Entered: 10/23/2025) |
| 10/23/2025 | 3 | ORDER APPOINTING FEDERAL PUBLIC DEFENDER as to Eric Earnest St. Louis Fed Public Defender for Eric Earnest appointed for initial appearance and all further proceedings in the case. Signed by Magistrate Judge Joseph S. Dueker on 10/23/2025. (JMP) (Entered: 10/23/2025) |
| 10/23/2025 | 4 | CJA 23 Financial Affidavit by Eric Earnest (JMP) (Entered: 10/23/2025) |
| 10/23/2025 | 5 | Rule 5 papers prepared by the judge as to Eric Earnest. (JMP) (Entered: 10/23/2025) |
| 10/23/2025 | 6 | WAIVER of Rule 5(c)(3) Hearings by Eric Earnest (JMP) (Entered: 10/24/2025) |
| 10/27/2025 | 7 | ENTRY OF ATTORNEY APPEARANCE Paul Joseph D'Agrosa appearing for USA. (D'Agrosa, Paul) (Entered: 10/27/2025) |
| 10/28/2025 | 9 | ORDER OF DETENTION PENDING TRIAL as to Eric Earnest. Signed by Magistrate Judge Joseph S. Dueker on 10/28/2025. (JMP) (Entered: 10/28/2025) |
| 10/28/2025 | 10 | COMMITMENT TO ANOTHER DISTRICT as to Eric Earnest. Defendant committed to District of Eastern District of New York. Signed by Magistrate Judge Joseph S. Dueker on 10/28/2025. (JMP) (Entered: 10/29/2025) |
| 10/28/2025 | 11 | Notice to Eastern District of New York of a Transfer of Jurisdiction as to Eric Earnest. Your case number is: 1:25–CR–0314; 1:25–CR–323. Docket sheet and documents attached. If you require a copy of the financial ledger, please email your request to moedml_Finance_moed.uscourts.gov. (If you require certified copies of any documents, please send a request to moedml_Team_CMS–AGF–SRW–JSD@moed.uscourts.gov. If you wish to designate a different email address for future transfers, send your request to |

| | | InterDistrictTransfer_TXND@txnd.uscourts.gov.) (JMP) (Entered: 10/29/2025) |

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) |
| vs. | ) Case No. 4:25-MJ-2363-JSD |
| | ) |
| | ) Charging Case Nos. 1:25-CR-0314 and |
| | )         25-CR-323 (ED NY) |
| ERIC EARNEST, | ) |
| Defendant. | ) |

## **ORDER**

Pursuant to the Criminal Justice Act, 18 U.S.C. § 3006(A), the Court hereby appoints the Federal Public Defender for this District to represent the defendant in this matter.

Dated this 23rd day of October, 2025.

_____
JOSEPH S. DUEKER
UNITED STATES MAGISTRATE JUDGE

AO 466A (Rev. 12/09) Waiver of Rule 5 & 5.1 Hearings (Complaint or Indictment)

# UNITED STATES DISTRICT COURT
for the
Eastern District of Missouri

| | |
|---|---|
| United States of America<br>v.<br>ERIC EARNEST<br><br>*Defendant* | Case No.  4:25-MJ-2363-JSD<br><br>Charging District's Case No.   1:25-CR-0314;<br>25-CR-323 |

## WAIVER OF RULE 5 & 5.1 HEARINGS
(Complaint or Indictment)

I understand that I have been charged in another district, the *(name of other court)*   **Eastern District of New York**  .

I have been informed of the charges and of my rights to:

(1)     retain counsel or request the assignment of counsel if I am unable to retain counsel;

(2)     an identity hearing to determine whether I am the person named in the charges;

(3)     production of the warrant, a certified copy of the warrant, or a reliable electronic copy of either;

(4)     a preliminary hearing within 14 days of my first appearance if I am in custody and 21 days otherwise — unless I am indicted — to determine whether there is probable cause to believe that an offense has been committed;

(5)     a hearing on any motion by the government for detention;

(6)     request transfer of the proceedings to this district under Fed. R. Crim. P. 20, to plead guilty.

I agree to waive my right(s) to:

[X]     an identity hearing and production of the warrant.

[ ]     a preliminary hearing.

[ ]     a detention hearing.

[ ]     an identity hearing, production of the warrant, and any preliminary or detention hearing to which I may be entitled in this district.  I request that those hearings be held in the prosecuting district, at a time set by that court.

I consent to the issuance of an order requiring my appearance in the prosecuting district where the charges are pending against me.

Date:   10/23/2025

*Eric Earnest*
*Defendant's signature*

*Kevin E. Gau*
*Signature of defendant's attorney*

Kevin E. Gau  MO #51595
*Printed name of defendant's attorney*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 4:25MJ2363JSD |
| ERIC EARNEST, | ) ) ) |
| Defendant. | ) ) |

## GOVERNMENT'S ENTRY OF APPEARANCE

Comes now Paul D'Agrosa, Assistant United States Attorney and enters his appearance on behalf of the United States in the above cause.

Respectfully submitted,

THOMAS C. ALBUS
United States Attorney

*/s/ Paul J. D'Agrosa*
PAUL D'AGROSA, #36966MO
Assistant United States Attorney
Thomas F. Eagleton Courthouse
111 South Tenth Street, 20th Floor
St. Louis, Missouri 63102
(314) 539-2200

## CERTIFICATE OF SERVICE

A copy of the foregoing was served this 27th day of October, 2025 on all counsel of record, via this Court's electronic case filing system.

/s/ Paul J. D'Agrosa

AO 472 (Rev. 1/25) Order of Detention Pending Trial

# UNITED STATES DISTRICT COURT
for the
Eastern District of Missouri

United States of America )
v. )
) Case No. 4:25mj2363 JSD
Eric Earnest, )
*Defendant* )

## ORDER OF DETENTION PENDING TRIAL

### Part I - Eligibility for Detention

Upon the

☐ **A.** Motion of the Government or the Court's own motion for a detention hearing pursuant to 18 U.S.C. § 3142(f)(1) because the defendant is charged with:

☐ **(1)** a crime of violence, a violation of 18 U.S.C. § 1591, or an offense listed in l8 U.S.C. § 2332b(g)(5)(B) for which a maximum term of imprisonment of 10 years or more is prescribed; **or**

☐ **(2)** an offense for which the maximum sentence is life imprisonment or death; **or**

☐ **(3)** an offense for which a maximum term of imprisonment of 10 years or more is prescribed in the Controlled Substances Act (21 U.S.C. §§ 801–904), the Controlled Substances Import and Export Act (21 U.S.C. §§ 951–971), or Chapter 705 of Title 46, U.S.C. (46 U.S.C. §§ 70501–70508); **or**

☐ **(4)** any felony if such person has been convicted of two or more offenses described in Subparagraphs (1) through (3) of this paragraph or two or more of such offenses if a circumstance giving rise to federal jurisdiction had existed, or a combination thereof; **or**

☐ **(5)** any felony that is not otherwise a crime of violence but involves **(a)** a minor victim; **(b)** the possession of a firearm or destructive device (as defined in 18 U.S.C. § 921); **(c)** any other dangerous weapon; or **(d)** a failure to register under 18 U.S.C. § 2250;

**OR**

☑ **B.** Motion of the Government or the Court's own motion for a detention hearing pursuant to 18 U.S.C. § 3142(f)(2) because the case involves:

☑ **(1)** a serious risk that the defendant will flee if released; **or**

☐ **(2)** a serious risk that the defendant will obstruct or attempt to obstruct justice or threaten, injure, or intimidate, or attempt to threaten, injure, or intimidate a prospective witness or juror if released.

The Court found that the Government established one or more of the factors above, held a detention hearing, and found that detention is warranted. This order sets forth the Court's findings of fact and conclusions of law, as required by 18 U.S.C. § 3142(i), in addition to any other findings made at the hearing.

## Part II - Findings of Fact and Law as to Presumptions under § 3142(e)

☐ **A. Rebuttable Presumption Arises Under 18 U.S.C. § 3142(e)(2)** *(previous violator)*: There is a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of any other person and the community because the following conditions have been met:

  ☐ **(1)** the defendant is charged with one of the following crimes described in 18 U.S.C. § 3142(f)(1):

   ☐ **(a)** a crime of violence, a violation of 18 U.S.C. § 1591, or an offense listed in 18 U.S.C. § 2332b(g)(5)(B) for which a maximum term of imprisonment of 10 years or more is prescribed; **or**

   ☐ **(b)** an offense for which the maximum sentence is life imprisonment or death; **or**

   ☐ **(c)** an offense for which a maximum term of imprisonment of 10 years or more is prescribed in the Controlled Substances Act (21 U.S.C. §§ 801–904), the Controlled Substances Import and Export Act (21 U.S.C. §§ 951–971), or Chapter 705 of Title 46, U.S.C. (46 U.S.C. §§ 70501–70508); **or**

   ☐ **(d)** any felony if such person has been convicted of two or more offenses described in subparagraphs (a) through (c) of this paragraph, or two or more State or local offenses that would have been offenses described in subparagraphs (a) through (c) of this paragraph if a circumstance giving rise to federal jurisdiction had existed, or a combination of such offenses; **or**

   ☐ **(e)** any felony that is not otherwise a crime of violence that involves: **(i)** a minor victim; **(ii)** the possession or use of a firearm or destructive device (as defined in 18 U.S.C. § 921); **(iii)** any other dangerous weapon; or **(iv)** a failure to register under 18 U.S.C. § 2250; **and**

  ☐ **(2)** the defendant has been convicted of a federal offense that is described in 18 U.S.C. § 3142(f)(1), or of a State or local offense that would have been such an offense if a circumstance giving rise to federal jurisdiction had existed; **and**

  ☐ **(3)** the offense described in paragraph (2) above for which the defendant has been convicted was committed while the defendant was on release pending trial for a federal, State, or local offense; **and**

  ☐ **(4)** a period of not more than five years has elapsed since the date of conviction, or the release of the defendant from imprisonment, for the offense described in paragraph (2) above, whichever is later.

☐ **B. Rebuttable Presumption Arises Under 18 U.S.C. § 3142(e)(3)** *(narcotics, firearm, other offenses)*: There is a rebuttable presumption that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community because there is probable cause to believe that the defendant committed one or more of the following offenses:

  ☐ **(1)** an offense for which a maximum term of imprisonment of 10 years or more is prescribed in the Controlled Substances Act (21 U.S.C. §§ 801–904), the Controlled Substances Import and Export Act (21 U.S.C. §§ 951–971), or Chapter 705 of Title 46 (46 U.S.C. §§ 70501–70508);

  ☐ **(2)** an offense under 18 U.S.C. §§ 924(c), 956(a), or 2332b;

  ☐ **(3)** an offense listed in 18 U.S.C. § 2332b(g)(5)(B) for which a maximum term of imprisonment of 10 years or more is prescribed;

  ☐ **(4)** an offense under Chapter 77 of Title 18 (18 U.S.C. §§ 1581–1597) for which a maximum term of imprisonment of 20 years or more is prescribed; **or**

  ☐ **(5)** an offense involving a minor victim under 18 U.S.C. §§ 1201, 1591, 2241, 2242, 2244(a)(1), 2245, 2251, 2251A, 2252(a)(1), 2252(a)(2), 2252(a)(3), 2252A(a)(1), 2252A(a)(2), 2252A(a)(3), 2252A(a)(4), 2260, 2421, 2422, 2423, or 2425.

☐ **C. Application of Any Presumption Established Above**

  ☐ The defendant has not rebutted the presumption.
  **OR**
  ☐ The defendant has rebutted the presumption.

AO 472 (Rev. 1/25) Order of Detention Pending Trial

## Part III - Analysis and Statement of the Reasons for Detention

After considering any applicable presumption, the nature and circumstances of the defendant's alleged conduct, the defendant's history and characteristics, the other factors set forth in 18 U.S.C. § 3142(g), the information presented at the detention hearing, and the available conditions of release under 18 U.S.C. § 3142(c), the Court concludes that the defendant must be detained pending trial because the Government has proven:

- ☐ By clear and convincing evidence that no condition or combination of conditions of release will reasonably assure the safety of any other person and the community.

- ☑ By a preponderance of evidence that no condition or combination of conditions of release will reasonably assure the defendant's appearance as required.

The reasons for detention include the following checked items (*After this list, add any additional items or explanations as needed to comply with the requirement for a written statement of reasons under 18 U.S.C. § 3142(i).*):

- ☐ The offense charged is a crime of violence, a violation of § 1591, a federal crime of terrorism, or involves a minor victim or a controlled substance, firearm, explosive, or destructive device.
- ☑ Weight of evidence against the defendant is strong.
- ☑ Subject to lengthy period of incarceration if convicted.
- ☐ Lack of significant family or other ties to the community.
- ☐ Significant family or other ties outside the United States.
- ☐ Lack of legal status in the United States.
- ☐ Subject to removal or deportation after serving any period of incarceration.
- ☐ Lack of stable residence.
- ☑ Lack of stable employment.
- ☐ Lack of financially responsible sureties.
- ☐ Prior attempt(s) to evade law enforcement.
- ☐ Use of alias(es) or false documents.
- ☐ History of alcohol or substance abuse.
- ☑ Prior criminal history.
- ☐ History of violence or use of weapons.
- ☐ Prior violations of probation, parole, or supervised release.
- ☐ Prior failure to appear in court as ordered.
- ☐ On probation, parole, and/or release pending trial, sentence appeal, or completion of the sentence at the time of the alleged offense.
- ☑ Participation in criminal activity while on probation, parole, or supervision.
- ☐ The defendant's release poses serious danger to any person or the community.

OTHER REASONS OR FURTHER EXPLANATION:

See page 4 below.

## Part IV - Directions Regarding Detention

The defendant is remanded to the custody of the Attorney General or to the Attorney General's designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant must be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility must deliver the defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding.

Date:  October 28, 2025

U.S. Magistrate Judge

From Page 3:

At the detention hearing on October 23, 2025, the parties proceeded by proffer and argument. The Court thereafter took the matter partially under submission until the filing of Pretrial Services' Bail Report, which was ultimately filed on October 27, 2025, and recommends detention. [ECF No. 8] Neither party has since lodged or filed any objection, supplement, or response to the report, which this Court adopts and incorporates the facts contained therein by reference. The Court now deems the matter wholly submitted. The government argued, both orally and by written motion, that Defendant should remain detained, arguing that Defendant meets the "serious risk of flight" threshold for detention eligibility. [1:25CR314, letter dated October 23, 2025, to The Honorable Ramon E. Reyes, Jr., United States District Judge, Eastern District of New York, hereinafter "Motion for Detention"] In support, the government initially cited Defendant's multiple prior felony convictions in the 1990s for burglary and robbery offenses. The government also pointed to his federal felony convictions in the Eastern District of Missouri in 2007 for conspiracy to distribute cocaine and marijuana, and conspiracy to commit money laundering. Notably, the government emphasized that Defendant was sentenced to 151 months imprisonment on these federal charges and was released from custody in February 2019, just two months before he allegedly began participating in the purported rigged poker games in April 2019. The government asserted that Defendant's criminal conduct in the instant case just two months into his supervised release shows that he will not comply with the release conditions, including appearing in court as required.

Beyond that, the government further referenced the nature and circumstances of the crimes charged, the weight of the evidence, and the lengthy sentence Defendant faces if convicted, as factors showing he is a risk of flight and nonappearance. Specifically, the government outlined the extensive geographic scope of the conspiracy, the large number of participants and victims involved, and the quantity of harm caused. More to it, the government stressed that the rigged poker games were operated by multiple organized crime families, who provided both protection and forcible debt collection services when necessary. Additionally, the government argued that its case against each co-conspirator, including Defendant, was strong and included, among other things, financial records, telephone records, cellphone records and texts, cellphone extractions and location information, the contents of Apple iCloud accounts, witness testimony, and surveillance photographs. Finally, the government expressed that, considering his criminal history, Defendant faces a significantly lengthy sentence of imprisonment if convicted.

In response, Defendant, through counsel, argued that he is not a risk of flight or nonappearance and should be released. Initially, Defendant characterized his involvement in the conspiracy as relatively minor. In that context, he clarified that he was charged in only two counts, Count One and Count Four. Defendant also explained that he is not alleged to have participated in any of the poker games in New York but rather is alleged to have participated in only one poker game in Las Vegas, Nevada. He further argued that his name is mentioned very little in the Indictment and Motion for Detention, his claimed financial loot amounted to only $50,000, and his punishment exposure should be minimal when compared to more-involved co-conspirators. Moreover, Defendant contended that he previously performed well during the federal pretrial supervision related to his 2007 conviction, he has the means to travel to New York for his arraignment and court appearances, and his arrest for the instant case on the morning of the hearing was unremarkable. Finally, Defendant cited his ties to the community, specifically mentioning his wife, 3 kids, and residence in the suburban community of Shrewsbury.

Nevertheless, based on the record, the Court concludes that, if released, there is a serious risk that Defendant will flee, and there is no condition, or combination of conditions, that would reasonably assure Defendant's appearance in court as required. Indeed, Defendant has a terrible criminal record involving convictions for burglary, robbery of a U.S. Post Office, money laundering, and illegal drug distribution. He has served multiple lengthy sentences of imprisonment. Remarkably, he allegedly began his involvement in the instant conspiracies while under supervision just two months after his release from serving 151 months in the Bureau of Prisons. When considering his record, he obviously faces the possibility of significant terms of imprisonment if convicted here. Additionally, the government's evidence appears to be strong, and the case looks wide-ranging in scope. Defendant's involvement, as alleged, is more than minor and is further supported by his actions in a separate gambling-related indictment in the Eastern District of New York. To be sure, his daily gambling is pervasive to his lifestyle and entered a domain where it is not harmless. Finally, Defendant has a history of failing to appear for court and currently has active warrants for failing to appear. Undoubtedly, Defendant's actions, history, and characteristics have shown that he is not a good candidate for release. Accordingly, in light of the foregoing, the Court **GRANTS** the Government's Motion for Detention.

AO 94  (Rev. 06/09) Commitment to Another District

# UNITED STATES DISTRICT COURT
for the

Eastern District of Missouri

| | |
|---|---|
| United States of America ) | |
| v. ) | |
| ERIC EARNEST ) | Case No.   4:25-MJ-2363-JSD |
| ) | |
| ) | Charging District's |
| *Defendant* ) | Case No.   1:25-CR-0314 ; |
| | 25-CR-323 |

## COMMITMENT TO ANOTHER DISTRICT

The defendant has been ordered to appear in the   Eastern   District of   New York   ,
*(if applicable)* _____ division.  The defendant may need an interpreter for this language: _____ .

The defendant:   ☐ will retain an attorney.

☑ is requesting court-appointed counsel.

The defendant remains in custody after the initial appearance.

**IT IS ORDERED:** The United States marshal must transport the defendant, together with a copy of this order, to the charging district and deliver the defendant to the United States marshal for that district, or to another officer authorized to receive the defendant.  The marshal or officer in the charging district should immediately notify the United States attorney and the clerk of court for that district of the defendant's arrival so that further proceedings may be promptly scheduled.  The clerk of this district must promptly transmit the papers and any bail to the charging district.

Date:   10/28/2025

*Judge's signature*

Hon. Joseph S. Dueker, U.S. Magistrate Judge
*Printed name and title*

Print    Save As...                                                                                                Reset

AO 94  (Rev. 06/09) Commitment to Another District

# UNITED STATES DISTRICT COURT
for the

Eastern District of Missouri

| | |
|---|---|
| United States of America ) | |
| v. ) | |
| ERIC EARNEST ) | Case No.  4:25-MJ-2363-JSD |
| ) | |
| ) | Charging District's |
| *Defendant* ) | Case No.  1:25-CR-0314 ; 25-CR-323 |

## COMMITMENT TO ANOTHER DISTRICT

The defendant has been ordered to appear in the __Eastern__ District of __New York__,
*(if applicable)* _____ division.  The defendant may need an interpreter for this language: _____ .

The defendant:   ☐ will retain an attorney.

☑ is requesting court-appointed counsel.

The defendant remains in custody after the initial appearance.

**IT IS ORDERED:** The United States marshal must transport the defendant, together with a copy of this order, to the charging district and deliver the defendant to the United States marshal for that district, or to another officer authorized to receive the defendant.  The marshal or officer in the charging district should immediately notify the United States attorney and the clerk of court for that district of the defendant's arrival so that further proceedings may be promptly scheduled.  The clerk of this district must promptly transmit the papers and any bail to the charging district.

Date:   10/28/2025

*Judge's signature*

Hon. Joseph S. Dueker, U.S. Magistrate Judge
*Printed name and title*

Print     Save As...                                                        Reset