

**U.S. Department of Justice**

*United States Attorney*
*Eastern District of New York*

MWG/SMS/IC                          *271 Cadman Plaza East*
F. #2024R00654                      *Brooklyn, New York 11201*

November 20, 2025

<u>By ECF and E-Mail</u>

The Honorable Ramon E. Reyes, Jr.
United States District Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

   Re:  United States v. Ernest Aiello, et al.
     <u>Criminal Docket No. 25-314 (RER)</u>

Dear Judge Reyes:

   The government respectfully submits this status report in advance of the first status conference scheduled for next Monday, November 24, 2025, at 10:00 a.m.  Specifically, this letter addresses six topics: (1) the status of arraignments and initial appearances for the defendants; (2) the status of discovery; (3) the potential for a coordinating discovery attorney; (4) the status of plea negotiations; (5) designation of this case as complex for purposes of the Speedy Trial Act; and (6) the logistics of future status conferences.

I.  <u>The Defendants' Appearances and Arraignments</u>

   All defendants except Horatio Hu were arrested on the morning of October 23, 2025, and appeared later that day either in this District or the judicial district of arrest.  Hu was arrested the next day on October 24, 2025, in the Middle District of Florida, where he had his initial appearance later that day.

   Of the defendants who were not arraigned in this District on October 23, 2025, all of them except Chauncey Billups have since been arraigned in this District.  The arraignment for Billups is scheduled for the morning of November 24, 2025.

II.  <u>Discovery</u>

   On November 20, 2025, the government made an initial production of Rule 16 discovery materials to the defendants.  This production included criminal history reports and materials relating to the defendants' arrests, including body worn camera footage, records

concerning the defendants' arrests, and records concerning search warrants executed at several of the defendants' premises on the morning of their arrests.

The government and defense counsel are currently negotiating a protective order for the Court's consideration. Once a protective order is in place, the government anticipates promptly beginning to produce substantial additional discovery materials on a rolling basis. This discovery will include, among other things: (1) electronic evidence seized from electronic devices and Apple iCloud accounts, which exceeds 1 terabyte of data; (2) additional electronic evidence from numerous electronic devices that were seized from certain defendants on the date of arrest, which are still in the process of being reviewed; (3) surveillance photographs, pole camera footage, and associated reports; (4) bank records; (5) phone records; and (6) other records provided by third parties.

III.    Coordinating Discovery Attorney

Given that this case involves thirty-one defendants and voluminous discovery, the government has also conferred with certain defense counsel regarding the potential need for a coordinating discovery attorney appointed by the Court to facilitate the production of discovery to all thirty-one defendants. The government takes no position on this request but agrees that a coordinating discovery attorney will likely make the production of discovery more efficient.

IV.    Plea Negotiations

Although it is too early for the government and any of the defendants to engage in substantial plea negotiations, the government and defense counsel for several defendants have begun productive discussions that the government hopes will ultimately lead to resolutions as to several defendants without the need for a trial.

V.    Complex Case Designation

The government respectfully requests that the Court designate this case as a complex case for purposes of the Speedy Trial Act. The government makes this request given the high number of defendants in this case (thirty-one), the voluminous nature of the discovery material (terabytes of electronic evidence), the number of victims and rigged poker games that are the subject of the charges (at least 25 rigged games over a five-year period), and the evidence of complex money laundering. *See* 18 U.S.C. § 3161(h)(7)(B)(ii) (providing that, in excluding time under the Speedy Trial Act, a court shall consider "[w]hether the case is so unusual or so complex, due to the number of defendants, the nature of the prosecution, or the existence of novel questions of fact or law, that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by" the Speedy Trial Act); *see also, e.g.*, *United States v. Kaplan*, No. 23-CR-293 (JMA) (JMW), 2024 WL 4476809, at *3 (E.D.N.Y. Oct. 11, 2024) (designating two-defendant case as complex based on the high number of victims and evidence that the defendants "cycled each victim's funds through multiple bank accounts").

The government has conferred with defense counsel as to this request. As of the time of this filing, the government has not received any objections to this request.

2

VI.    <u>Future Status Conference Logistics</u>

        Given that there are thirty-one defendants in this case, the government proposes that the Court divide the defendants into three groups (each with ten to eleven defendants) for future status conferences in this case, and that the Court then hold a separate status conference for each group.  The government understands that other judges in this District have done the same in cases involving many defendants.  *See, e.g.*, *United States v. Saracay Lopez, et al.*, No. 20-CR-228 (LDH).  The government further submits that it is too early to break the defendants into trial groups because plea negotiations are ongoing.  Thus, the government is not proposing to divide the defendants into status conference groups based on how those defendants may be grouped for any trials; rather, the government would propose that the Court set three status conference dates (either on the same date or consecutive dates), and then the parties will confer to determine appropriate groupings for the next status conferences.

        The government has conferred with defense counsel regarding this proposal.  As of the time of this filing, counsel for Matthew Daddino objects to this proposal because he "prefer[s] to hear and potentially join in co-council's applications" and argues that separation into groups "could be prejudicial to other defendants."  The government has not received any other objections, although counsel for several defendants have specified that they would consent to this proposal only on the understanding that the status conference groups have no impact on any eventual trial groups.

        Finally, the government respectfully requests that the Court schedule the next status conference approximately 60 to 90 days from November 24, 2025.  The government has conferred with defense counsel regarding this proposal, as well.  As of the date of this filing, the government has not received any objection, but at least three defense counsel have expressed a preference for a 90-day adjournment given the anticipated volume of discovery in the case.

*    *    *

        The government thanks the Court for its attention to this matter.  The government will be prepared to address these issues or any other issues at the status conference next Monday.

        Respectfully submitted,

        JOSEPH NOCELLA, JR.
        United States Attorney

By:            /s/
        Michael W. Gibaldi
        Sean M. Sherman
        Irisa Chen
        Assistant U.S. Attorneys
        (718) 254-7000

cc:     Clerk of the Court (RER) (by ECF)
        Counsel of Record (by ECF and E-Mail)