## THE LAW OFFICE OF GERARD M. MARRONE

66-85 73rd Place, Second Floor        718.261.1711
Middle Village, New York 11379        347.813.4985-F

November 21, 2025

The Honorable Ramon E. Reyes, Jr.
United States District Court Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re:    United States v. Matthew Daddino, et al.
        Criminal Docket Number 25-314 (RER)

**Defendant Daddino's Opposition to Government's Request to Group Defendants**

Dear Judge Reyes;

Please be advised that the undersigned attorney represents the defendant Matthew Daddino in the above-mentioned criminal matter. As the Court is aware, Mr. Daddino is part of a multi defendant indictment.

On October 23, 2025, the Government unsealed a thirty-one-defendant indictment charging alleged involvement in an unlawful gambling operation connected to NBA wagering and rigged poker games. The indictment alleges one integrated conspiracy, with uniform conduct, common evidence and shared communications. In fact, as per the Government's letter dated November 20, 2025 (ECF No. 341) it is requested that this case be designated a "complex case" for purposes of the Speedy Trial Act, which Counsel does not object to but highlights.

The Government's letter further informs the court that due to the high number of defendants in this case (thirty-one), the voluminous nature of the discovery material, the number of victims and "rigged" poker games etc., that the defendants should be grouped into three separate status conference groups. It is reasonable that much of this evidence is what I would call "over lapping" in which evidence, whether it's telephone or electronic communications will affect multiple defendants across the indictment. Due to this and the nature of this alleged inter connecting evidence, it is imperative for the defendants to stay together as one group for all future status conferences.

In section VI of the Government's letter of November 20, 2025, they ask the Court to "divide the (thirty-one) defendants into three groups (each with ten to eleven defendants) for future status conferences in this case. Defendant Daddino strongly objects to this designation. In fact, breaking up defendants into three sub groups for status conference purposes would cause potential prejudicial effect on Daddino and his codefendants. All defendants and their respective attorneys have a right to work together as one voice to fight the allegations against them. Grouping defendants potentially would cause miscommunications between attorneys during the discovery and motion process making a joint defense and litigation much harder than it needs to be.

Groupings would be an unnecessary obstacle in already complex and difficult case. Just as this case is complex for the Government it is equally if not more complex and difficult for the defense. However, the defendants did not bring this case, it is the Government's party not the defendants. Therefore, all defendants should be given the benefit of unity and the ability to litigate together as one voice. Grouping the defendants will cause a breakdown in communication and allow the Government to "divide and conquer." As a consequence, I call for unity and ease of information dissemination and communication between all of the defendants. Keeping all thirt- one defendants together in front of Your Honor at the same time is the only way to guarantee equality and fairness for each defendant.

The Government's suggestion to group this case into three parts must be denied.

For decades, the Supreme Court, the Second Circuit, and this District have consistently held that Defendants indicted together should be tried together, the Government seeks to divide and conquer. Joint trials are presumptively favored (in this case unified status conferences).

Here, the Government seeks severance not based on any legally recognized prejudice, but because the indictment contains too many defendants. This is not a valid ground for severance. If anything, the number of defendants strengthens the presumption for single unified status conferences together because the evidence is clearly overlapping, the conspiracy is the same as charged for all thirty-one defendants and separate status conferences create a demonstrable risk of inconsistent strategy across all thirty-one defendants.

Although most case law in this circuit deals with joint or severed trials and not joint and unified status conferences, the argument is the same.

Federal Rules of Criminal Procedure Rule 8(b) expressly permits joinder when defendants "are alleged to have participated in the same act or transaction, or in the same series of activity for purposes of a multi defendant indictment.

This thirty-one-defendant matter is not unusual for the District and the defendants must stay together for all future status conferences. The Government's preference for "convenience" is not a legal basis for severance. Again, just as this case is difficult for the Government to prosecute, it is even more difficult for the defendants to defend. Not only does the defense have to contend

with thirty-one defendants (all who are innocent until proven guilty) but at least thirty-one defense attorney and countless support staff in our respective offices. If grouped, a joint defense and communication and united defense would be impossible.

Now of course as the case progress some defendants will ultimately plea, therefore organically the thirty-one main group will get smaller as the case progresses. There will perhaps come a time where specific defendants may be grouped separately for trial but by that future time, each attorney would have had the benefit to see and review the discovery in this case and be able to better strategize and articulate their respective defense.

In conclusion, the defendant Daddino objects to the Government's November 20 letter section VI suggesting that the thirty-one defendants be grouped into three separate groups for status conferences. In the alternative if the Court is inclined to make three groups of defendants, then in that event the three separated status conferences be on the same date each together at three consecutive time slots perhaps 30 to 45 minutes apart so all defense attorney may attend and communicate with co-counsel for any legal purpose.

Most respectfully submitted:

/s/ *Gerard Marrone*

Gerard Marrone, Esquire

Attorney for Defendant Daddino

Cc: All Counsels
And all AUSA