March 12, 2026
**VIA ECF**
Hon. Ramon Reyes
District Court Judge for the Eastern District of New York
United States Courthouse
225 Cadman Plaza East
Brooklyn, NY 11201

    **Re:** *United States v. Aiello, et al.*  25 Cr 314 (RER)
       Bail Reconsideration Hearing for **Thomas Gelardo**

Dear Judge Reyes:

  I represent **Thomas Gelardo** in the above-mentioned matter.  On behalf of Mr. Gelardo, we respectfully request a bail reconsideration hearing to reopen the matter of detention pursuant to the United States v. Stephens, 447 F. Supp. 3d 63, 64 (S.D.N.Y. 2020) as the defense has identified a change in circumstances.

## PROCEDURAL HISTORY

  On October 23, 2025, Thomas Gelardo was arrested on charges alleging violations of 18 U.S.C. 1343 (Wire Fraud Conspiracy), 18 U.S.C. 1955(a), 2 and 3551 (Operation of an Illegal Gambling Business), 18 U.S.C. 1956(a)(1)(B)(i), 1956(h) and 3551 (Money Laundering Conspiracy), and 18 U.S.C. 1951(a),2 and 3551 (Hobbs Act Extortion Conspiracy).  On that same day, he was arraigned on those charges before Magistrate Judge Taryn A. Merkl and subsequently detained.  Defense Counsel at the time did not present a bail application.  The case was adjourned to November 24, 2025 for a status conference before Your Honor.

  On October 29, 2025, Judge Merkl conducted a bond hearing and Defense Counsel for Mr. Gelardo made an application requesting that Mr. Gelardo be released on bond with a set of conditions for his pretrial release.[1]  The Government opposed Mr. Gelardo's bond application for reasons stated on the record[2] and in the Government's written submission dated October 23, 2025 ("Government's Detention Letter").[3]  Judge Merkl ultimately denied Mr. Gelardo's application for bond, finding primarily that Mr. Gelardo's "…substantial unexplained assets […] cause the Court great concern insofar as […] they evince again that he's continuing to lead a criminal lifestyle and in fact likely does not have income outside of criminal activity"[4] and ultimately that the Defense's production does not overcome the presumption of detention when "weighed against all of the other factors that [the Court] must consider under 3142(g)."[5]

  On November 10, 2025, Mr. Gelardo, through Defense Counsel, filed a motion before this Court pursuant to 18 U.S.C 3145(b) appealing Judge Merkl's detention order.[6]  On November 18, 2025, the Government filed its letter response to Mr. Gelardo's motion appealing

---

[1] See  Exhibit A - Gelardo Bond Hearing Transcripts October 29, 2025 ("October 29, 2025 Tr.") pg. 9-11
[2] Id.
[3] Exhibit B - Government's Detention Letter
[4] See Exhibit A - October 29, 2025 Tr., pg. 28
[5] See Exhibit A -  October 29, 2025 Tr., pg. 31
[6] See Dkt: 291 Defense Bond Motion dated November 10, 2025

Judge Merkl's bond denial.[7] On November 19, 2025 Mr. Gelardo appeared before Your Honor to argue his motion appealing Magistrate Judge Merkl's denial of bond. After counsels' submissions and arguments before this Court, this Court affirmed Magistrate Judge Merkl's decision to deny bond – ultimately finding that "…the Government has satisfied its burden to prove all the different levels that Mr. Gelardo is a risk of flight and a danger to the community and that he is a risk of obstructing justice."[8] The Court further found that there were no set of conditions that would assure Mr. Gelardo's return to court and protect the community and protect against the risk of obstruction.

Mr. Gelardo filed a Notice of Appeal on December 3, 2025. Our appellate argument was heard on February 9, 2026 in the Second Circuit Court of Appeals. The Second Circuit affirmed the ruling of this Court, effectively denying our appeal. We now request a bond hearing based on new information now known to Defense Counsel regarding Mr. Gelardo's seized property as such information presents a changed circumstance.

**CHANGED CIRCUMSTANCES**

"A detention hearing under 18 U.S.C. § 3142 'may be reopened, before or after a determination by the judicial officer, at any time before trial if the judicial officer finds that information exists that was not known to the movant at the time of the hearing and that has a material bearing on the issue whether there are conditions of release that will reasonably assure the appearance of such person as required and the safety of any other person and the community.'"[9]

During the bail hearings before Magistrate Judge Merkl and Your Honor and the appellate argument in the Second Circuit, there was much discussion about Mr. Gelardo's seized property and assets as they were connected to the criminal conduct alleged in this pending indictment. At the time of those hearings and the appellate argument, information existed but was not known to defense counsel regarding the dates on which most of Mr. Gelardo's seized jewelry was purchased. The defense is prepared to present to the Court information showing that Mr. Gelardo purchased or owned most of his seized jewelry prior to his alleged date of entry into the charged conspiracies. Accordingly, pursuant to this changed circumstance, we are requesting a hearing to reopen our request for Mr. Gelardo's release on bail.

We have conferred with the Government, and should the Court's calendar permit, the parties can be available to appear for a bond hearing on Tuesday, March 17, 2026 in the morning.

Sincerely,

Esere J. Onaodowan, Esq.
Attorney for Thomas Gelardo

Cc:   AUSAs Sean Sherman, Irisa Chen, Michael Gibaldi

---

[7] See Dkt: 332 Government's Letter Response to Defense Bond Motion dated November 10, 2025
[8] See Exhibit C - November 19, 2025 Tr., pg. 23
[9] *United States v. Stephens*, 447 F. Supp. 3d 63, 64 (S.D.N.Y. 2020)