

**U.S. Department of Justice**

*United States Attorney*
*Eastern District of New York*

TH:MWG/SMS/KRA
F. #2024R00654

*271 Cadman Plaza East*
*Brooklyn, New York 11201*

July 22, 2026

By ECF and E-Mail

The Honorable Ramon E. Reyes, Jr.
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

          Re:    United States v. Ernest Aiello, et al.
                 Criminal Docket No. 25-314 (RER)

Dear Judge Reyes:

        The government respectfully submits this letter seeking an adjournment of the trial date currently scheduled for November 2, 2026 to a date in early 2027. Counsel for defendants Awawdeh, Earnest, Goodson, Mazzola, Meeks, Shnayderman, and Wei consent to the government's request. Counsel for defendants Billups, Daddino, Gelardo,[1] and Fama do not consent to the government's request.[2]

I.      Status of Case

        Since the last status conference on June 11, 2026, the parties have made significant progress in narrowing this case. Seven defendants have already pleaded guilty, and the Court has scheduled change of plea hearings for 12 additional defendants,[3] which are all expected to occur before the end of this month. The government is in serious plea negotiations

---

[1]      Counsel for Gelardo has conflicting trials in early 2027.

[2]      By email dated July 21, 2026, the government informed counsel for all defendants who are not scheduled to plead guilty that it intended to file this letter seeking an adjournment of the trial date. To date, the government has not heard from counsel for defendant Aiello on this request. The government has not solicited the views of counsel for defendants who already have a change of plea hearing date scheduled.

[3]      Nelson Alvarez, Louis Apicella, Marco Garzon, Jamie Gilet, Shane Hennen, Horatio Hu, Zhen Hu, Joseph Lanni, Nicholas Minucci, Michael Renzulli, Angelo Ruggiero, Jr., and Julius Ziliani.

with at least seven additional defendants, which are likely to result in a disposition of the case short of trial, and, if successful, will leave approximately five defendants remaining in the case. Of the approximately three defendants who are not currently engaged in plea negotiations with the government, none are detained in connection with this case.

The Court has currently set a briefing schedule for pretrial motions pursuant to Rule 12 of the Federal Rules of Criminal Procedure, which will be fully briefed by August 28, 2026. The government understands based on discussions with defense counsel that several of the anticipated motions, including motions to sever and suppress evidence, would substantially impact the trial if granted. In addition, the government expects to file significant motions in limine, including motions to admit evidence pursuant to Federal Rule of Evidence 404(b) and to admit co-conspirator statements.

II.      The Speedy Trial Act

The Speedy Trial Act provides this Court with broad discretion to grant a "continuance on the basis of [its] findings that the ends of justice served by taking such action outweigh the best interests of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A). The continuance may be made by the Court on its "own motion," "at the request of the defendant," at the request of "[the defendant's] counsel," or "at the request of the attorney for the Government." Id. The "Act recognizes that criminal cases vary widely and that there are valid reasons for greater delay in particular cases." Zedner v. United States, 547 U.S. 489, 497 (2006).

In determining whether to grant an application for a continuance on this basis, the Court must consider, among other factors, the complexity of the case, the reasonable time necessary for effective preparation by counsel, and whether failure to grant a continuance would make the proceeding impossible or result in a miscarriage of justice. See 18 U.S.C. § 3161(h)(7)(B). The Court need not obtain the defendant's consent for such a continuance, and the defendant's consent is not among the factors the Court must consider in weighing whether the ends of justice would be served by granting a continuance. See United States v. Lynch, 726 F.3d 346, 354-56 (2d Cir. 2013).

III.     Request to Adjourn the Trial

The government is mindful that the Court has not previously been inclined to move the trial date scheduled for November 2, 2026. The government, however, respectfully submits that a November 2 trial date is not practicable and that an adjournment of trial to early 2027 would be in the interests of justice.

First, pretrial motions pursuant to Rule 12 will not be fully briefed until August 28. To the extent these motions require an evidentiary hearing to resolve, or relate to the severance of defendants or suppression of evidence, the pretrial motion schedule leaves little time for the evaluation or resolution of these motions. The resulting uncertainty of which defendants will proceed to trial, and what evidence will be admissible, will meaningfully hamper both the government's ability to prepare effectively for trial and the defendants' ability to prepare a defense. This is particularly so given that the motions in limine in this case are likely

2

to be very substantial, and there remains no schedule for the filing and resolution of such motions.  See 18 U.S.C. § 3161(h)(7)(B)(iv) (noting that the court "shall consider in determining whether to grant a continuance" in the interests of justice whether "the failure to grant such a continuance . . . would deny . . . the attorney for the Government the reasonable time necessary for effective preparation").

Second, a brief adjournment of the trial scheduled in this matter will allow the parties to continue their focus on pretrial negotiations.  The government is in the midst of significant plea negotiations with at least seven additional defendants.  Any such disposition will narrow the scope of this case and further clarify for the parties who will be proceeding to trial and what evidence is likely to be presented at trial.  Moreover, the government is also engaged in plea negotiations with several of the other remaining defendants, and it remains possible that those discussions may lead to pretrial resolutions.

Third, as the government indicated to the Court at the last status conference, three of the four undersigned Assistant U.S. Attorneys are unavailable to try this case in November 2026 due to previously-scheduled trials and personal family leave.  Pursuant to the Speedy Trial Act, the court "shall consider in determining whether to grant a continuance," among other factors, whether "the failure to grant such a continuance . . . would unreasonably deny the defendant or the Government continuity of counsel."  See 18 U.S.C. § 3161(h)(7)(B)(iv).

Finally, the government notes that the brief adjournment requested will still allow for a timely trial in this matter.  Under the circumstances of this case, which has been designated complex and which was indicted less than nine months ago, the government submits that an adjournment of trial to early 2027 would serve the interests of justice.

*     *     *

The government thanks the Court for its attention to this matter.  Should the Court wish to address this matter in person, the government is also prepared to address these issues at a status conference to be held at the Court's earliest convenience.

Respectfully submitted,

JOSEPH NOCELLA, JR.
United States Attorney

By:    \_\_\_\_\_/s/_____
Michael W. Gibaldi
Irisa Chen
Sean M. Sherman
Kamil R. Ammari
Assistant U.S. Attorneys
(718) 254-7000

cc:    Clerk of the Court (RER) (by ECF)
       Counsel of Record (by ECF and E-Mail)

3