**Seyfarth**

**Seyfarth Shaw LLP**

620 Eighth Avenue

32nd Floor

New York, New York  10018

**T** (212) 218-5500

**F** (212) 218-5526

mmukasey@seyfarth.com

T (212) 218-5262

www.seyfarth.com

July 30, 2026

**VIA ECF**

The Honorable Ramon E. Reyes, Jr.
United States District Judge
Theodore Roosevelt United States Courthouse
225 Cadman Plaza East
Brooklyn, New York 11201

> **Re:    United States v. Aiello, et al. (Billups), No. 25 Cr. 314 (RER)**

Dear Judge Reyes:

This letter is respectfully submitted on behalf of defendant Chauncey Billups in opposition to the government's (latest) request to adjourn the trial date of this matter, currently scheduled for November 2, 2026.  The government provides no compelling reason to delay the November 2nd start date.  Their motion should be denied.

Background

The government has known since the first conference in this matter that the Court expected a trial to start in the fall of 2026.  *See* Status Conf. Tr. 44:24-45:3, Nov. 24, 2025 (THE COURT: "I want things to start by September of [2026] . . . You do whatever you have to do to get it ready to go."  AUSA: "Understood, Your Honor.")

The Court pinpointed the current trial date of November 2, 2026 at the second conference.  *See* Status Conf. Tr. 8:21-23, March 4, 2026 (THE COURT: "I would like to try this case on November 2nd and you're going to have to figure out a schedule to get there with motions and all of that").  The November 2nd trial date was entered on the docket the next day. *See* Minute Entry, March 5, 2026 (ECF No. 472).

The Court thereafter reiterated and reaffirmed the November 2nd trial date several times. *See* Status Conf. Tr. 14:17-18, June 11, 2026 (THE COURT: "We're going to keep the November 2 trial date currently"); *id.* at 20:23 (THE COURT: "We're keeping the November trial date"); Minute Entry, July 9, 2026 ("[t]he November 2, 2026 trial date will remain.")

Mr. Billups, for his part, has expressed his preference for keeping the November 2nd date.  *See* Status Conf. Tr. 17:21-22, June 11, 2026 ("[W]e love the November 2 trial date and do think that a trial date is firmly needed.").

 **Seyfarth**

<u>Discussion</u>

The interests of justice are best served by maintaining the November 2nd trial date that has been fixed by this Court for months.

In anticipation of the November 2nd trial date, our team has devoted substantial time and resources to reviewing discovery, investigating the facts, analyzing the applicable law, and evaluating it all with our client.  We will be prepared to meet any motion schedule and all dates for pre-trial filings that the Court sets.  But more importantly, Mr. Billups continues to live under the overhang of federal criminal charges.  The pendency of this case has caused him to lose his livelihood and become subject to an intense degree of public obloquy.  He is therefore most interested in the prompt resolution of this matter.

On the other hand, the government's (latest) attempts to justify a continuance ring hollow. Their request rests principally on three grounds: (1) ongoing plea discussions with other defendants; (2) anticipated motion practice and evidentiary issues; and (3) government counsel's scheduling conflicts.  None of these reasons warrants continuance of the trial date.

Ongoing plea discussions with multiple defendants is a nonsensical reason to delay a trial.  Criminal trials are routinely scheduled in multi-defendant cases in the midst of ongoing plea negotiations.  Indeed, holding a firm trial date *encourages* the advancement of plea discussions.  And the fact that ongoing plea negotiations may reduce the number of defendants that will proceed to trial – perhaps to as few as five – will allow for a single trial, that avoids the "grouping" issue, and renders the case more streamlined and manageable.  In short, ongoing plea discussions are no cause for a continuance.

The government next claims that the timing of Rule 12 motions and motions in limine necessitates an adjournment. This argument also falls flat.  Only one defendant has filed Rule 12 motions; the government should have no problem opposing them by the time they must be fully briefed on August 28, 2026.  As to motions *in limine*, they need not – and often should not – be decided well before trial when evidentiary issues have not yet crystalized.  "[C]ourts considering a motion in limine may reserve decision until trial, so that the motion is placed in the appropriate factual context." *Ohio Cas. Ins. Co. v. Twin City Fire Ins. Co.*, No. 14-CV-858 (NGG) (PK), 2019 WL 1365752, at *2 (E.D.N.Y. Mar. 26, 2019) (internal quotations and citation omitted).  And even during trial, a court's ruling regarding a motion in limine is "subject to change when the case unfolds." *Luce v. United States*, 469 U.S. 38, 41 (1984).  The bottom line: complex evidentiary issues arise in every federal trial and they are dealt with at the appropriate time and in the ordinary course.  This does not in any way warrant a continuance here.

Finally, the government's staffing issues are perhaps the least persuasive reason to delay the trial date.  "[A]ffirmative action by the government in bringing cases to trial is mandated and . . . it cannot escape this duty on the ground that the delay is for institutional reasons." *United States v. Vispi*, 545 F.2d 328, 334 (2d Cir. 1976) (holding that even where district court was cause of delay, government owed the additional duty of monitoring the case and pressing the court for a reasonably prompt trial). The United States Attorney's Office in Brooklyn is among the largest prosecutorial offices in the country. It has known for months of the November 2, 2026



trial date and it has had ample time to make staffing arrangements.  Indeed, this Court ordered them to do so.  *See* Status Conf. Tr. 17:8-9, June 11, 2026 (THE COURT: "Bring some more people on the case now, get them up to speed."). The government's latest letter offers no explanation why they have not done so.  The government's internal personnel decisions should not outweigh defendants' substantial interests in proceeding under the schedule established by the Court.[1]

*   *   *   *

"It is the court and the government that bear the affirmative obligation of insuring the speedy prosecution of criminal charges."  *United States v. Bert*, 814 F.3d 70, 82 (2d Cir. 2016).  The Court has done its part by setting a firm trial date.  Now the government must do theirs.

Conclusion

For the reasons set forth above, the government's motion to adjourn the November 2, 2026 trial date in this matter should be denied.

Respectfully submitted,

 /s/ Marc L. Mukasey
Marc L. Mukasey
Torrey K. Young
Michael F. Westfal

cc:     All counsel of record (via ECF)

---

[1] The Speedy Trial Act cases cited by the government are inapposite. In *Zedner v. United States*, 547 U.S. 489, 492-93 (2006), the United States Supreme Court ordered the dismissal of a case involving a defendant who signed a blanket, prospective waiver of his speedy trial rights without appropriate district court findings on exclusion of time.  *United States v. Lynch*, 726 F.3d 346, 356 (2d Cir. 2013) involved a defendant whose lawyer requested a continuance of the trial without the consent of the defendant, which was deemed to be unnecessary by the Court of Appeals, as long as the court found the adjournment to be in the interest of justice.  Neither case remotely supports the proposition that the trial of this matter should be delayed.